# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER DAVID BULJAN,<br><br>Defendant. | Case No. 3:18-cr-00606-001-MMC<br><br>**ORDER OF DETENTION AFTER A HEARING (RE: PETITION TO REVOKE SUPERVISED RELEASE)**<br><br>Date of Hearing: September 6, 2023<br>Time: 11:30 A.M.<br>Place: Courtroom 14, 18th Floor |

## INTRODUCTION

The Court conducted a detention hearing in this matter on Wednesday, September 06, 2023. The Defendant appeared before this Court in connection with a petition to revoke the Defendant's supervised release. The Government moved for detention pursuant to Federal Rules of Criminal Procedure 32.1 and 46(d), which incorporates 18 U.S.C. § 3143(a)(1). That Rule provides that "the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the Defendant." Fed. R. Crim. P. 32.1(a)(6); *see also* 18 U.S.C. § 3143(a)(1). The Defendant was present and was represented by counsel. Having conducted a detention hearing, the Court makes the following findings:

**DISCUSSION**

Applying the applicable legal standards and principles, and based upon the information contained in the Form 12 petition, the evidence presented at the hearing, and the arguments of counsel, the Court finds as follows:

The Government argues that this case involves the issue of whether or not the Defendant is likely to flee. The Defendant has not established by clear and convincing evidence that the Defendant will not flee for the reasons stated on the record.

Specifically, the record shows that the Defendant is alleged to have violated the condition of supervised release requiring that he must not knowingly leave the Northern District of California without first getting permission from the Court or his probation officer. Defendant Buljan is alleged to have traveled to Beverly Hills, California on August 19, 2023, without prior permission. *See* Beverly Hills Police Department Case Report #2023-00036313. Beverly Hills is outside the Northern District of California (and indeed is several hundred miles away in the Central District of California).

Further, the record shows that the Defendant is alleged to have violated the condition of supervised release requiring that he must notify his probation officer within 72 hours of any arrest or questioning by a law enforcement officer. Specifically, with regard to the incident in Beverly Hills on August 19, Defendant Buljan was contacted by the Beverly Hills Police Department in response to a report that Mr. Buljan was causing a disturbance and threatening others at a pizza restaurant located in Beverly Hills. The Beverly Hills Police Department's responding officers observed Defendant Buljan walking in the middle of the street causing cars to stop abruptly to avoid hitting him. Officers contacted Defendant Buljan and eventually detained him. Defendant Buljan failed to notify his probation officer of this contact with the Beverly Hills Police Department within 72 hours of that contact.

Additionally, two days prior (on August 17, 2023), Oakland Police Department officers contacted Defendant Buljan. The responding officer reported that Defendant Buljan was incoherent at the time and suspected to be under the influence of an illicit substance. Defendant Buljan failed to notify his probation officer of this contact with the Oakland Police Department within 72 hours

of that contact.

The Government argues that this case also involves the issue of whether or not the Defendant poses a danger to the safety of any other person or the community if released. The Defendant has not established by clear and convincing evidence that the Defendant is not a danger to any other person or to the community for the reasons stated on the record.

Specifically, with regard to the incident on August 19 in Beverly Hills, the record indicates that Defendant Buljan was allegedly threatening to kill everyone at that pizza restaurant in Beverly Hills. When Beverly Hills Police officers contacted Defendant Buljan, he took a fighting stance and failed to respond to verbal commands. While detained, Defendant Buljan is alleged to have stated repeatedly that "I will choke out and hurt all of you." Additionally, the record indicates that Defendant Buljan allegedly made continuous threats to the Beverly Hills Police arresting officer, including stating that he (Buljan) would kill the officer and his family.

The Beverly Hills Police Department placed Buljan in custody under California Welfare and Institutions Code § 5150 due to allegations of being a danger to himself and others. Section 5150 states in part "When a person, as a result of a mental health disorder, is a danger to others, or to themselves …, a peace officer … may, upon probable cause, take, or cause to be taken, the person into custody for a period of up to 72 hours for assessment, evaluation, and crisis intervention, or placement for evaluation and treatment in a facility designated by the county for evaluation and treatment and approved by the State Department of Health Care Services."

Further, the Court finds that there are no conditions or combination of conditions that will reasonably assure the appearance of the Defendant as required and that there are no conditions or combination of conditions that will reasonably assure the safety of any other person and the community, taking into account the available information presented in the record as a whole.

At the hearing on this matter, defense counsel proposed several conditions for release, including housing Defendant Buljan at a hotel near to his parents' home in Redwood City, California (but notably, not at their residence). Defense counsel proposed that Defendant Buljan's father would serve as custodian for Defendant, admittedly without living in the same house. Upon the Court's questioning of the proposed custodian, Defendant Buljan's father provided vague answers to the

questions why Defendant Buljan should be housed at a hotel (admittedly at family expense) instead of staying under the same roof as his parents. Certainly, the proposed custodian was given the opportunity to volunteer to serve as a custodian while Defendant Buljan resided at the same home with the custodian, but never made that offer. The Court notes that the Form 12 indicates (in Charge Four) that, on December 10, 2022, Defendant Buljan was asked to leave his parents' home due to erratic and threatening behavior. The Court finds that Defendant Buljan's father is not a viable custodian, both for the practical reason that the housing arrangement proposed would leave Defendant Buljan effectively unsupervised (other than phone calls) for lengthy periods of time – which increases the risk of flight or non-appearance. Further, the Court finds there is a risk that the proposed custodian may lack appropriate moral suasion or sufficient authority to effectively supervise Defendant Buljan as a custodian (and, as a corollary, that Defendant Buljan may attempt to threaten or use other avoidance means to minimize or refuse compliance with supervision by the proposed custodian).

In short, Defendant Buljan has demonstrated an escalating, recent series of contacts with law enforcement and an ability to travel as far as Southern California without prior approval or notice. Defendant Buljan also appears to have recent issues with regard to potential substance abuse, and as noted, the Beverly Hills Police found probable cause to place Defendant Buljan in custody for a § 5150 hold due to potential danger due to potential mental health disorder. Finally, the Court observed Defendant Buljan's demeanor in court and finds that this did not materially advance Defendant's ability to try to meet the burden of proof here.

The Court has considered all the evidence and arguments presented, and has also given due consideration to the recommendation of U.S. Probation in this case. Counsel for the parties and U.S. Probation indicated that they are working on getting Defendant Buljan admitted to a residential treatment facility as soon as possible, and likely within the next seven days from the date of the hearing. The Defendant is therefore DETAINED until the next Status Conference, set for September 13, 2023 before the undersigned, to determine whether the residential treatment facility can admit Defendant Buljan at that time.

Pursuant to 18 U.S.C. § 3142(h)(i), the Court directs that the Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; directs that the Defendant be afforded a reasonable opportunity for private consultation with counsel, family members, and U.S. Probation; and, on order of a court of the United States or on a request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to the U.S. Marshal's Service for the purpose of an appearance in connection with a court proceeding.

## CONCLUSION

For the reasons stated on the record at the hearing and for the reasons as further stated herein, the Defendant has been remanded into the custody of the United States Marshal.

**IT IS SO ORDERED.**

Dated:  September 7, 2023

_____
PETER H. KANG
United States Magistrate Judge